**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>CITIZENS INSURANCE COMPANY of AMERICA, a Michigan Corporation,<br><br>          Defendant. | Civil Action No.: |

## CLASS ACTION COMPLAINT

Melissa Thornley, Deborah Benjamin-Koler, and Josue Herrera (collectively "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of a Class of others similarly situated, as assignees of Wynndalco Enterprises, LLC ("Wynndalco"), bring this Class Action Complaint against Defendant Citizens Insurance Company of America ("Citizens") to recover on a Judgment entered against Wynndalco in favor of Plaintiffs and the Class that Citizens is legally obligated to pay pursuant to a Business Owners Policy of insurance (the "Citizens Policy") it issued to Wynndalco. (A copy of the Citizens Policy is attached as Exhibit A.)

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action (a) pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is over $75,000 and the parties are citizens of different states; and (b) pursuant to 28 U.S.C. § 1332(d)(2) in that this is a class action in which the matter in

controversy exceeds $5,000,000 and one or more members of the proposed Class are citizens of a state different from the defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the conduct described in this Complaint was carried out in this District.

## PARTIES

3. Plaintiff Melissa Thornley is a citizen of the State of Illinois, residing in Cook County.

4. Plaintiff Deborah Benjamin-Koller is a citizen of the State of Illinois, residing in Cook County.

5. Plaintiff Josue Herrera is a citizen of the State of Illinois, residing in Cook County.

6. Defendant Citizens Insurance Company of America is a corporation organized under the laws of the State of Michigan with its principal place of business in Worcester, Massachusetts.

7. The Named Plaintiffs bring this action individually and on behalf of all members of the Class certified in *Thornley, et al v. CDW-G, LLC and Wynndalco Enterprises, LLC,* No. 2020 CH 04346 (Circuit Court, Cook County – Chancery Division) (the "Thornley Lawsuit"). The Named Plaintiffs were appointed in the Thornley Lawsuit to represent the Class on April 22, 2021.

## FACTUAL BACKGROUND

### The Thornley Lawsuit Class Action

8. On or about May 27, 2020, Plaintiffs brought the Thornley Lawsuit, a proposed class action against Wynndalco, alleging that Wynndalco violated their privacy rights through its wrongful conduct in selling, leasing or otherwise profiting from the sale in Illinois of a database and software technology created by Clearview AI, Inc. containing biometric data and photographs of the Named Plaintiffs and other residents of Illinois.

9. On August 5, 2020, Plaintiffs filed an Amended Class Action Complaint in the Thornley Lawsuit asserting causes of action on behalf of themselves and the proposed Class against Wynndalco for violation of § 15(c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*; invasion of privacy through Wynndalco's publication and exploitation of Plaintiffs' and the Class's biometric data and private information; and unjust enrichment through Wynndalco's publication and exploitation of such private data and information. The Thornley Lawsuit Amended Complaint (a copy of which is attached hereto as Exhibit B) expressly alleged, *inter alia*, that Wynndalco's wrongful conduct "constituted an unlawful intrusion into Plaintiffs' and the Class's seclusion," (Sixth Claim for Relief, ¶ 79), and that "Plaintiffs and the Class have suffered anguish and suffering as a result of defendant Wynndalco's invasion of their privacy" (*id.*, ¶ 81).

10. Plaintiffs sought to prosecute the Thornley Lawsuit on behalf of the following Class:

> All current Illinois citizens whose biometric identifiers or biometric information were at any time between December 13, 2019 and April 30, 2020 [the "Class Period"] in the Clearview AI Database that was part of the Clearview AI Product purchased by defendant Wynndalco from Clearview AI, sold by Wynndalco to CDW-G, and sold by defendant CDW-G to the Chicago Police Department. (*Id.*, ¶ 44).

11. The Thornley Lawsuit sought damages for Wynndalco's intentional, reckless and/or negligent violations of BIPA, and tortious invasion of the Named Plaintiffs' and Class's common law privacy rights through Wynndalco's publication and exploitation of the Named Plaintiffs' and Class's biometric and private information, as well as compensatory damages for the unjust benefits Wynndalco had obtained through such conduct. The claims in the Thornley Lawsuit exposed Wynndalco to a potential damages award of hundreds of millions of dollars.

3

12. At the time the Thornley Lawsuit was filed, Wynndalco was a named insured under the Citizens Policy, Business Owners Policy, No. OBC-H062078-00 (Exhibit A), issued by Citizens.

13. Wynndalco paid all policy premiums due for the liability insurance provided by the Citizens Policy for a policy period from October 2, 2019 to October 2, 2020. The Citizens Policy was in full force and effect at all times relevant hereto.

14. Pursuant to Section II(A)(1) of the Citizens Policy, Citizens agreed to pay all sums Wynndalco became "legally obligated to pay as damages" for claims asserted during the policy period for "'bodily injury' … or 'personal and advertising injury.'"

15. The Citizens Policy defined "bodily injury" to include "mental anguish or other mental injury," Citizens Policy, Section II(F)(3), and defined "personal and advertising injury" to include "injury, including consequential 'bodily injury,' arising out of.... Oral or written publication, in any manner, of material that violates a person's right to privacy," Id. Section II(F)(14)(d).

16. The Citizens Policy provided that Citizens had the right and the duty to defend Wynndalco against any claims covered by the Policy. *Id.* Section II A.1.a.

17. The Citizens Policy required Citizens to indemnify Wynndalco for any claims covered by the Citizens Policy made during the policy period up to a policy coverage limit of $2 million per each individual claim, with an aggregate coverage limit of $4 million. The Citizens Policy further provided that Citizens was liable to make supplementary payments to pay any interest that accrues on any damages owed by Wynndalco prior to Citizens' payment of the damages. *Id.* Policy Declaration 1 & Section II 1.A.1.f.(g).

18. Citizens had a contractual obligation pursuant to the Citizens Policy to defend Wynndalco against the claims asserted against Wynndalco in the Thornley Lawsuit.

19. Citizens had a contractual obligation pursuant to the Citizens Policy to indemnify Wynndalco for all or some of the claims asserted against Wynndalco in the Thornley Lawsuit.

20. Wynndalco tendered the Thornley Lawsuit to Citizens and demanded a defense and indemnification against the claims asserted against Wynndalco in the Thornley Lawsuit Amended Complaint.

21. Citizens refused to provide a defense to Wynndalco against the claims asserted against Wynndalco in the Thornley Lawsuit Amended Complaint, in breach of Citizens' contractual obligations pursuant to the Citizens Policy.

22. Citizens further refused to indemnify Wynndalco for any of the claims asserted against Wynndalco in the Thornley Lawsuit Amended Complaint, in breach of Citizens' contractual obligations pursuant to the Citizens Policy.

### The Judicial Determination that the Citizens Policy Covers the Thornley Lawsuit Claims Against Wynndalco

23. On July 1, 2020, Citizens filed a Complaint against Wynndalco and Plaintiffs (and others) in the United States District Court for the Northern District of Illinois seeking, *inter alia*, a declaratory judgment that it had no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit.

24. Specifically, Citizens argued that a catchall provision contained within an exclusion in the Citizens Policy for "Distribution of Material in Violation of Statutes," *id*. Section II(B)(1)(q), rendered the insurance inapplicable.

25.     Wynndalco and Plaintiffs answered Citizens' Complaint and counter-claimed, seeking a declaration, *inter alia*, that Citizens was obligated to defend and indemnify Wynndalco. Citizens and Wynndalco/Plaintiffs filed cross-motions for judgment on the pleadings.

26.     On March 30, 2022, the District Court ruled in favor of Wynndalco and Plaintiffs, holding that the catchall provision in the Distribution of Material in Violation of Statutes exclusion was facially ambiguous and was therefore unenforceable, and that Citizens had a duty to defend Wynndalco in the Thornley Lawsuit.  The Court granted Wynndalco/Plaintiffs' Cross-Motion for Judgment on the Pleadings and denied Citizens' Motion for Judgment on the Pleadings.  *Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC,* 595 F. Supp. 3d 668 (N.D. Ill. 2022).

27.     On June 30, 2022, the District Court entered an Amended Judgment in the action ordering the following declaratory relief:

> A.     That the Distribution of Material in Violation of Statutes exclusion in the Citizens' Policy of insurance issued by Citizens to Wynndalco … does not bar coverage under the Policy for the claims asserted against Wynndalco in the *Thornley* lawsuit and the [*sic* – claims] against Wynndalco, Andalcio and Flores in the *Calderon* lawsuit (as referenced in the Memorandum Opinion and Order);
>
> B.     That Citizens has a duty pursuant to the Policy to defend Wynndaclo against the claims asserted against Wynndalco in the *Thornley* lawsuit and a duty to defend Wynndalco, Andalcio and Flores in the *Calderon* lawsuit.

(A copy of the Amended Judgment is attached as Exhibit C.)

28.     Citizens appealed the District Court judgment to the United States Court of Appeals for the Seventh Circuit.  On June 15, 2023, the Court of Appeals issued a decision upholding the District Court decision.  *Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC,* 70 F.4th 987 (7th Cir. 2023).

29.     On June 15, 2023, the Seventh Circuit issued a Final Judgment affirming the Amended Judgment issued by the District Court.  (A copy of the Final Judgment issued by the

6

Seventh Circuit is attached as Exhibit D.) Citizens did not seek to appeal further from the Seventh Circuit's Final Judgment, and the Court of Appeals' mandate issued on July 7, 2023.

30. The June 30, 2022 Judgment of the District Court adjudging that "the Distribution of Material in Violation of Statutes exclusion in the Citizens' Policy of insurance issued by Citizens to Wynndalco … does not bar coverage under the Policy for the claims asserted against Wynndalco in the *Thornley* lawsuit" and that "Citizens ha[d] a duty pursuant to the Policy to defend Wynndalco against the claims asserted against Wynndalco in the *Thornley* lawsuit" has thus been affirmed and is not subject to further appeal and is final and binding on Citizens.

31. By virtue of the final Judgment entered in favor of Wynndalco and Plaintiffs and against Citizens, Citizens is estopped from asserting that the Distribution of Material in Violation of Statutes exclusion in the Citizens Policy issued to Wynndalco bars coverage under the Policy for the claims asserted against Wynndalco in the Thornley Lawsuit.

32. By virtue of the final Judgment entered in favor of Wynndalco and Plaintiffs and against Citizens, Citizens is estopped from asserting that it did not have a contractual obligation pursuant to the Citizens Policy to defend Wynndalco against the claims asserted against Wynndalco in the Thornley Lawsuit.

**Wynndalco Entered into a Reasonable Settlement of the Thornley Lawsuit.**

33. At all relevant times, Citizens knew that the defense of Wynndalco in the Thornley Lawsuit would be potentially extremely expensive and further, was aware at all relevant times that Wynndalco is a small business that lacked the financial means to undertake the expense of such a defense.

34. At all relevant times, Citizens knew that the potential damages award that Wynndalco faced in the Thornley Lawsuit was enormous and, further, was aware at all times that Wynndalco would be put out of business by such an award.

35. Citizens knew that its refusal to defend Wynndalco in the Thornley Lawsuit would leave Wynndalco in an untenable position in which it could not afford to defend the lawsuit and could not risk an enormous damages award that would destroy its business.

36. Citizens deliberately chose to breach its contractual obligation to defend Wynndalco in the Thornley Lawsuit under a reservation of rights in order to avoid the expense of defending the Thornley Lawsuit and to avoid having to defend, under reservations, other of its insureds for BIPA and BIPA-related claims in other lawsuits.

37. As a result of Citizens' breach of its policy obligations to Wynndalco, Wynndalco undertook to defend itself against the claims in the Thornley Lawsuit, incurring legal fees and other expenses in such defense that rightfully should have borne by Citizens.

38. As a result of Citizens' breach of its policy obligations to Wynndalco, Wynndalco was forced to attempt to mitigate its losses and risks by entering into settlement negotiations with Plaintiffs to resolve the Thornley Lawsuit. Wynndalco advised Citizens that it was doing so.

39. In February 2021, Plaintiffs and Wynndalco entered into a settlement agreement to resolve the claims in the Thornley Lawsuit against Wynndalco. Pursuant to the Settlement Agreement (a copy of which is attached as Exhibit E), Wynndalco agreed, *inter alia*, to the following terms of settlement:

    a. Wynndalco agreed, upon court approval of the Settlement Agreement, to the immediate entry of a permanent injunction barring it from engaging in any further transactions involving the Clearview Database;

    b. Wynndalco agreed to certification of a Settlement Class in accordance with the Class description stated above; and

c. Wynndalco agreed, upon court approval of the Settlement Agreement, to settle the monetary claims asserted by the Thornley Plaintiffs and Class for a Settlement Amount of $20 million, to be satisfied as follows:

i. Wynndalco agreed to pay to Plaintiffs and the Settlement Class the sum of $50,000 within 10 business days of entry of the Preliminary Approval Order, with the remainder of the Settlement Amount to be satisfied solely through the assignment(s) set forth in subparagraph (ii) below.

ii. Wynndalco agreed to assign to Plaintiffs and the Settlement Class, to the fullest extent permitted by law, all of its rights to payment, if any, from Citizens Insurance Company of America and/or AXIS Insurance Company (or their affiliates) arising out of the claims asserted against Wynndalco by Plaintiffs in the Thornley Lawsuit or plaintiffs in the litigation entitled *Calderon, et al v. Clearview AI, Inc., et al*, 1:20-cv-01296-CM (S.D.N.Y.), and any claims Wynndalco may have against Citizens Insurance Company of America and/or AXIS Insurance Company (or their affiliates) arising in any way out of such companies' conduct in connection with their insurance obligations to defend or indemnify Wynndalco, including all claims for recovery of attorneys' fees and expenses or punitive damages.

Exhibit E at 9.

40. The terms of the Settlement Agreement were fair and reasonable. The Settlement Agreement was negotiated at arms-length by experienced attorneys for Wynndalco and Plaintiffs, with knowledge of the legal and factual issues of the case. Wynndalco's decision to settle conformed to the conduct of a prudent uninsured, and the terms of the settlement conformed to what a reasonably prudent person in Wynndalco's position would have settled for in light of all of the facts and circumstances.

41. Citizens was aware of the provisions of the Settlement Agreement described above and that Wynndalco and Plaintiffs would be presenting the agreement to the court for approval, but it took no action in regard thereto.

42. On April 22, 2021, the Circuit Court of Cook County – Chancery Division conducted a hearing to consider the reasonableness of the Settlement Agreement reached between

Wynndalco and Plaintiffs and entered an Order that, *inter alia*, approved the Settlement Agreement and the Settlement Amount (as defined in the Settlement Agreement). (A copy of the Court's Preliminary Approval Order is attached as Exhibit F.)

43. In its Preliminary Approval Order (Exhibit F at ¶ 9), the Circuit Court found:

> The Court has reviewed the proposed Settlement with Wynndalco in the amount of $20 million and considered the applicable law and circumstances, and finds the Settlement to be fair, reasonable and adequate. The Settlement and the Settlement Amount are approved, subject to the conditions defined and described in section III.B of the Settlement Agreement [described above in ¶ 39c].

44. The Circuit Court further found that "(i) there is good cause to believe the Settlement is fair, reasonable and adequate, and (ii) the Settlement Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case." *Id.*, ¶ 3.

45. Subsequent to the Circuit Court's approval of the Settlement Agreement, Wynndalco made the required payment of $50,000, and on May 4, 2021, Wynndalco and two of its officers executed the assignment required by the Settlement Agreement. (A copy of the Assignment is attached as Exhibit G.)

## CLASS ACTION ALLEGATIONS

46. Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3), on their own behalf and as representatives of all other similarly situated individuals, defined as follows (the "Class"):

> All members of the Settlement Class certified by the Circuit Court of Cook County – Chancery Division in its April 22, 2021 Preliminary Approval Order, consisting of:

> "All current Illinois citizens whose biometric identifiers or biometric information were at any time between December 13, 2019 and April 30, 2020 [the "Class Period"] in the Clearview AI Database that was part of the Clearview AI Product purchased by defendant Wynndalco from Clearview AI, sold by Wynndalco to CDW-G, and sold by defendant CDW-G to the Chicago Police Department."

47. This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) because: (1) the class is so numerous that joinder of all member is impracticable ("Numerosity"); (2) there are questions of law or fact that are common to the class ("Commonality"); (3) Plaintiffs' claims are typical of the claims of the class ("Typicality"); and (4) Plaintiffs will fairly and adequately protect the interest of the class ("Adequate Representation").

48. **Numerosity**. The Circuit Court adjudicating the Thornley Lawsuit found that the Class is sufficiently numerous to warrant class certification. The Class likely consists of millions of individuals, and the members can be identified through discovery. Individual joinder in this case is impracticable.

49. **Commonality**. The Class's claims present common questions of law and fact and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to, the following:

    a.    Does Citizens have a duty to indemnify Wynndalco against the claims in the Thornley Lawsuit?

    b.    Was the settlement agreed to by Wynndalco and Plaintiffs reasonable and entered into in good faith?

    c.    Are Plaintiffs and the Class members entitled to recover from Citizens the amount of coverage ($2 million per occurrence, $4 million aggregate) provided to Wynndalco by the Citizens Policy?

    d.    Are Plaintiffs and the Class members entitled to recover the full amount of the Settlement Amount approved by the Circuit Court of Cook County – Chancery Division in its April 22, 2021 Preliminary Approval Order?

    e.    Are Plaintiffs and the Class members entitled to recover interest on the Settlement Amount approved by the Circuit Court of Cook County – Chancery Division in its April 22, 2021 Preliminary Approval Order?

50.     **Typicality**. Plaintiffs' claims are typical of the claims of the other members of the proposed Class. Plaintiffs and Class members are all members of the Settlement Class certified by Circuit Court of Cook County – Chancery Division in its April 22, 2021 Preliminary Approval Order, have been impacted by Citizens' conduct in the same manner, and seek the same relief.

51.     **Adequate Representation**. The Named Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class.  Named Plaintiffs have retained counsel that are competent and experienced in complex litigation and class actions.  Named Plaintiffs have no interest that is antagonistic to those of the Class, and Citizens has no defenses unique to Named Plaintiffs. Named Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the resources to do so. Neither Named Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

52.     **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. It would be unduly burdensome to the Court for each class member to pursue their claims individually. This proposed class action presents fewer management difficulties than individual litigation and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

53.     Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CLAIM FOR RELIEF

### Breach of Contract

54. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-53 as though fully set forth herein.

55. Citizens has a contractual obligation, pursuant to the Citizens Policy, to pay all sums Wynndalco is "legally obligated to pay as damages" for claims asserted against Wynndalco in the Thornley Lawsuit and any interest accrued on such damages.

56. Wynndalco entered into a reasonable settlement with Plaintiffs and the Class to resolve the Thornley Lawsuit, agreeing to a Settlement Amount of $20,050,000, as set forth above.

57. Citizens has refused to indemnify Wynndalco for the Settlement Amount and has refused to reimburse Wynndalco for the $50,000 portion of the Settlement Amount it has paid or to pay Plaintiffs and the Class or Wynndalco the remaining unpaid portion of the Settlement Amount, in breach of Citizens' contractual obligations to Wynndalco.

58. Citizens further has refused to pay Wynndalco for the legal expenses it incurred in defending itself in the Thornley Lawsuit litigation as a result of Citizens' refusal to comply with its contractual obligation to defend Wynndalco in the Thornley Lawsuit, in breach of Citizens' contractual obligations to Wynndalco.

59. Plaintiffs, as assignees of Wynndalco's claims and rights against Citizens for such payments, are entitled to recover damages for Citizens' breach of its contractual obligations to defend and indemnify Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of themselves and the Class, respectfully request relief as follows:

A.      Entry of an order certifying this action as a class action in accordance with the Class as defined above, and appointing the Plaintiffs as class representatives and Plaintiffs' counsel as counsel for the Class;

B.      Damages to Plaintiffs and the Class for Citizens' breach of its contractual obligations, including an award of the Settlement Amount approved by the Circuit Court for Cook County – Chancery Division in the Thornley Lawsuit and accrued interest; and

C.      Such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of the Class, hereby demand a trial by jury as to all issues so triable as a matter of right.

Dated:  July 1, 2024                    Respectfully submitted,


                                        MELISSA THORNLEY
                                        DEBORAH BENJAMIN-KOLLER
                                        JOSUE HERRERA, individually and on behalf of
                                        all others similarly situated,

                                        */s/ David S. Golub*
                                        One of their attorneys

                                        David S. Golub
                                        Jennifer Sclar (*pro hac vice forthcoming*)
                                        Silver Golub & Teitell LLP
                                        One Landmark Square, 15th Floor
                                        Stamford, CT 06901
                                        Tel. (203) 325-4491
                                        Email:  dgolub@sgtlaw.com
                                                jsclar@sgtlaw.com

14

Kevin M. Forde
Brian P. O'Meara
Forde & O'Meara LLP
191 N. Wacker Drive, 31st Floor
Chicago, IL  60606
Tel. (312) 641-1441
Email:  kforde@fordellp.com
         bomeara@fordellp.com

Zachary J. Freeman
Rachel E. Simon
Miller Shakman Levine & Feldman LLP
30 W. Monroe Street, Suite 1900
Chicago, IL 60601
Tel. (312) 263-3700
Email: zfreeman@millershakman.com
         rsimon@millershakman.com